IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIE MURPHY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF HUMAN SERVICES, | : | |
| ET AL. | : | 05-6124 |

## ORDER - MEMORANDUM

**AND NOW**, this 5th day of January, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion To Dismiss Plaintiff's Complaint (Docket Entry # 27) is **GRANTED**.

2. Defendants' Motion To Dismiss Plaintiff's Complaint (Docket Entry #33) is **GRANTED**.

3. Defendants' Motion To Dismiss Plaintiff's Complaint (Docket Entry #37) is **GRANTED**.

4. The Complaint of Willie Murphy is **DISMISSED WITH PREJUDICE** as to Defendants Alba E. Martinez, Former Commissioner; Cherly Ranson-Garner, Commissioner; Rosemary McNicoll, Supervisor; Howard Darby, Supervisor; Stephanie Turner, Caseworker; Kevin Booker, Caseworker; Ronald Rouse, Caseworker; PSI Service II, Inc.; Lynn Soboleski, Caseworker; Nancy Ryan, Caseworker; Susie & Helen Reynold, Care-taker;

      and Glenn last name is unknown, Care-taker.

5.     Plaintiff's claims against Defendants Pennsylvania Department of Human Services and Eleanor Laws Johnson, Caseworker, are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).[1]

6.     The Clerk of Court is **DIRECTED** to mark this case closed.

Plaintiff Willie Murphy, a prisoner in state custody, brought this *pro se* action pursuant to 42 U.S.C. § 1983 against the Pennsylvania Department of Human Services ("DHS"), its former Commissioner, its current Commissioner, six of its employees, PSI Service II, Inc., and five of its employees, alleging that all Defendants were responsible for deficient care of Murphy's children while Murphy was incarcerated and the children were in the custody of DHS. The three pending motions, encompassing all of the Defendants for whom service has been made, assert *inter alia* that Murphy lacks standing to bring his claim because he does not allege an injury in fact to himself. We agree.[2]

Accepting as true the well-pled allegations of the complaint, see <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985) (court must accept as true all well-pled allegations and view them in the light most favorable to the plaintiff), and granting the *pro se* plaintiff all

---

[1] No service was ever made on DHS or Defendant Johnson. As more than 120 days have elapsed since the filing of the complaint, the claims against these defendants are dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m).

[2] Murphy has not responded to any of the pending motions. By order of June 30, 2006, the Court appointed counsel for Murphy, who undertook an investigation of his claims. By order of October 30, 2006, we permitted counsel to withdraw. Murphy told his former attorney that he would continue to pursue the matter *pro se*. Murphy was advised by his former attorney that the instant motions were pending and was advised to file responses. In the sixty days since counsel advised him to respond to the motions, Murphy has not done so. Although the motions are uncontested, we determine them on their merits.

possible latitude in construing the allegations he makes therein, see Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*pro se* complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" and should be liberally construed), it is clear that Murphy can not establish standing to assert his claims.  Murphy is the only named plaintiff.  He does not seek to bring his claims as guardian for his children,[3] but rather in his own capacity.  However, the allegations contained in the Complaint describe only injuries allegedly suffered by his children through the neglect of child welfare employees.[4]

In order to establish standing to bring a claim in federal court, a plaintiff must allege the three elements necessary to satisfy the irreducible constitutional minimum of standing:

> (1) the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;
> (2) there must be a causal connection between the injury and the conduct complained of; and
> (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).  Murphy alleges no "injury in fact" to himself.  While his Complaint contains serious allegations with respect to the treatment of his children while in the custody of the Commonwealth, he fails to identify how the alleged mistreatment has resulted in an "invasion of his legally protected interests."  Murphy "cannot rest

---

[3]Indeed, he admits that his children are in the care and custody of DHS, negating any possibility that Murphy could be their guardian.  (Compl. ¶ 15).

[4]The Complaint alleges that, after Murphy and his wife were both incarcerated, the children were taken into the care and custody of DHS and placed in foster homes where, in March 2003, his eldest daughter was permitted to socialize with a drug dealer, stay out all hours of the night, become sexually active, and use drugs and alcohol.  (Compl. ¶ 25).  In May 2004, his twelve-year-old son hanged himself while in the home of his care-taker.  (Compl. ¶ 31.)  In October 2005, his daughter became pregnant.  (Compl. ¶ 33.)

his claim to relief on the legal rights or interests of third parties," Warth v. Seldin, 422 U.S. 490, 499 (1975).[5]

Accordingly, the Defendants' motions seeking dismissal of the Complaint for want of standing are **GRANTED**.

BY THE COURT:

s/John R. Padova

_____
John R. Padova, J.

---

[5] Nor could he, as a *pro se* litigant, represent the interests of his children if, in fact, he intended to bring the action on their behalf. See Osei-Afriyie v. Med. College of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child).